IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CRYSTAL HOPE LOWERY                                              PETITIONER

v.                      NO. 4:22-cv-00147 BRW-PSH

DEXTER PAYNE                                                     RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, petitioner Crystal Hope Lowery ("Lowery") challenges her guilty plea by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. She maintains that her plea was not voluntarily entered because she relied to her detriment on erroneous advice from her attorney. It is recommended that Lowery's petition be dismissed because it is barred by limitations and, alternatively, because her claims are procedurally barred from federal court review.

In September of 2014, petitioner Crystal Hope Lowery ("Lowery") and her husband Aaron Lewis ("Lewis") kidnapped and murdered a woman. Lowery and Lewis were later charged with capital murder and kidnapping.

In July of 2015, Lowery entered a negotiated guilty plea to an amended charge of murder in the first degree and the original charge of kidnapping. She received a total sentence of thirty years imprisonment. As a part of her plea, she agreed to testify against Lewis.

On the heels of Lowery' plea, she did nothing in the trial or appellate courts of Arkansas to attack her plea or sentence. For instance, she did not collaterally attack her plea or sentence by filing a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.

Lewis elected to go to trial on charges of capital murder and kidnapping. At the trial, Lowery testified on behalf of the prosecution. Lewis was convicted of both charges and sentenced as an habitual offender to terms of life imprisonment without parole and life.

In February of 2022, Lowery began the case at bar by filing her petition. In it, she appeared to raise four claims. A brief summary of the claims is a challenge because, as respondent Dexter Payne ("Payne") noted in his response, the claims overlap. He nevertheless summarized the claims, and it is a fair summary. It is adopted in full and is as follows:

> ... Liberally construed, Lowery's petition challenges her judgment of conviction on the basis that her guilty plea was the result of incompetent advice from counsel. She delineates four overlapping grounds that relate to this claim. First, she alleges that counsel did not correctly advise her about the availability of lesser included offense instructions that could have been sought for capital murder had she gone to trial. ... In support of this ground, Lowery avers that her counsel told her she could not receive a sentence of a term of years for capital murder, but only a sentence of life in prison, and that the only way to get a sentence to a term of years was to plead guilty to first-degree murder. ... She avers that she has since learned that, had she gone to trial, she would have "had a chance at a lesser included charge with a numbered sentence instead of the only option of 'life' that counsel presented to [her] for a capital offense." ... She further avers that she would have gone to trial had she only known that she could have submitted a lesser included offense instruction in her trial for the capital murder and kidnapping ...

3

> Lowery's second ground apparently is the same as her first, except she contends the advice of counsel noted above effectively resulted in a coerced confession in the form of her guilty plea, as well as false testimony in Lewis's trial, ... Thirdly, Lowery claims her counsel was ineffective in pre-plea matters concerning bail and discovery, and that in connection with the advice that she plead guilty, he harshly warned her that due to the nature of her case she would face a conviction-prone jury were she to go to trial, enhancing Lowery's perception that she was guaranteed to get a life sentence if she went to trial. ... Finally, Lowery's fourth ground relies on the preceding three. She contends that the advice of counsel noted above violated her privilege against self-incrimination in that it induced her to confess her level of participation in the crimes. ...

See Docket Entry 7 at CM/ECF 8-9.

Payne filed a response to Lowery's petition. In the response, Payne maintained, in part, that the petition should be dismissed because it is time-barred and, alternatively, because the claims contained in it are procedurally barred from federal court review.[1]

A state prisoner has one year during which she may file a petition pursuant to 28 U.S.C. 2254. If she does not file her petition within that one-year period, excluding any time during which the period is tolled or otherwise extended, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year period begins from the latest of one of four dates or events.

---

[1] Lowery subsequently filed a reply in which she addressed Payne's assertions.

Payne maintains that the limitations period in this case is that found at 28 U.S.C. 2244(d)(1)(A), which provides that the one-year period begins on the date on which "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Payne maintains that the one-year period began in August of 2015, i.e., one month after the Sentencing Order was entered, and Lowery had until August of 2016 to file a timely petition. Because she waited until February of 2022 to file her petition, he maintains that it is time-barred.

Lowery disagrees. She maintains that the limitations period is that found at 28 U.S.C. 2244(d)(1)(D), which provides that the one-year period begins on the date on which the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." It is her position that in entering her guilty plea, she relied upon her attorney's advice concerning such matters as bail, marital privilege, and the possibility of lesser included offense instructions being given. Lowery maintains that it was not until October of 2021, when she "came across a capital case," that she began to learn her attorney's advice was inaccurate, see Docket Entry 2 at CM/ECF 12, and additional research revealed other reasons why his advice was inaccurate. She represents that she filed the petition at bar within one year of making those discoveries.

The factual predicate of a claim constitutes the vital facts underlying the claim. See Earl v. Fabian, 556 F.3d 717 (8th Cir. 2009). The one year permitted by 28 U.S.C. 2244(d)(1)(D) runs from "when the facts could have been discovered through diligent inquiry, not from when they were actually discovered or their significance realized." See Hudson v. Dormire, No. 4:06-cv-00868-AGF, 2007 WL 1192170, 4 (E.D.Mo. 2007) (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir.2001)). The burden is on the petitioner to show that she exercised due diligence. See Hudson v. Dormire, supra; Frazier v. Rogerson, 248 F.Supp.2d 825, 833 (N.D.Iowa 2003).

The undersigned is not persuaded that Lowery has carried her burden of proof entitling her to the one year permitted by 28 U.S.C. 2244(d)(1)(D). The factual predicate of her claims could have been discovered at any time through the exercise of due diligence. The factual predicate was not hidden from her as she acknowledges that she first discovered it while perusing a "capital case." The factual predicate is only newly discovered in the sense that it is new to her.

Given the inapplicability of 28 U.S.C. 2244(d)(1)(D), the limitations period in this case is that found at 28 U.S.C. 2244(d)(1)(A). The one-year period began in August of 2015, i.e., one month after the Sentencing Order was entered, and Lowery had until August of 2016 to file a timely petition

pursuant to 28 U.S.C. 2254. Because Lowery waited until February of 2022 to file her petition, it is untimely. The only question is whether there is some reason for tolling the one-year period or otherwise excusing the untimely filing of her petition.

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. 2244(d)(2) is inapplicable here as Lowery never filed an application for state post-conviction or other collateral relief. In fact, she did nothing in the trial or appellate courts of Arkansas to attack her plea or sentence.

Although 28 U.S.C. 2244(d)(2) affords Lowery no benefit, the one-year period for filing a timely petition may be equitably tolled. See Gordon v. Arkansas, 823 F.3d 1188 (8th Cir. 2016). In that case, the Court of Appeals explained that equitable tolling "asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." See Id. at 1195 (internal quotation omitted) (emphasis in original). Equitable tolling is warranted if the petitioner has been pursuing her rights diligently and some extraordinary circumstance stood in her way and prevented a timely filing. See Id.

Here, equitable tolling is not warranted for two reasons. First, Lowery has failed to show that she has been pursuing her rights diligently. She did nothing in the trial or appellate courts of Arkansas to attack her plea or sentence.[2] Moreover, she waited over six years after her guilty plea to file the petition at bar. Second, Lowery has failed to show that an extraordinary circumstance stood in her way and prevented her from filing a timely petition. The factual predicate of her claims was not hidden from her and could have been discovered at any time through the exercise of due diligence.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, No. 4:17-cv-00853-KGB, 2018 WL 3193807,

---

[2] Lowery represents that between her July of 2015 guilty plea and the February of 2022 filing of the petition at bar, she was "diligent in pursuing relief or reduction in her sentence." See Docket Entry 11 at CM/ECF 8. She represents that she reviewed documents from Lewis' appeal, as well as the decision of the Arkansas Supreme Court affirming his convictions. She requested her case file from her attorney and later filed a motion for discovery with the trial court. Lowery explored ways to reduce her sentence "through legislation," see Docket Entry 11 at CM/ECF 9, and requested legal material from Lewis. She filed a petition for clemency and filed a complaint against her attorney with the Arkansas Supreme Court Committee on Professional Conduct. The undersigned is not persuaded that her efforts establish she has been pursuing her rights diligently.

1 (E.D. Ark. 2018) (quoting McQuiggin v. Perkins, 569 U.S. 386-387). "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

The actual innocence exception affords Lowery no benefit. She has not offered new evidence showing that she is innocent of murder in the first degree and kidnapping.

Lowery's petition is untimely as it was filed outside the one-year period. There is no reason for tolling the one-year period or otherwise excusing the untimely filing of her petition. It is therefore time-barred.

Alternatively, the federal courts will not consider a claim if the petitioner failed to first present it to the state courts in accordance with the state's procedural rules.[3] See Wallace v. Lockhart, 12 F.3d 823 (8th Cir. 1994). A claim not presented to the state courts can nevertheless be considered if Lowery can show cause for her procedural default and actual prejudice or, alternatively, show that the failure to consider the claim will result in a fundamental miscarriage of justice. See Id.

---

[3] Although the time-bar alone is an adequate basis for recommending the dismissal of Lowery's petition, the undersigned will briefly consider Payne's assertion that Lowery's claims are procedurally barred from federal court review.

Lowery never presented the claims at bar to the state courts of Arkansas in accordance with its procedural rules, a fact she concedes. See Docket Entry 1 at CM/ECF 11-13, Docket Entry 11 at CM/ECF 11-16. The only questions are whether she can show cause for her procedural default and actual prejudice or, alternatively, show that the failure to consider the claims will result in a fundamental miscarriage of justice. She cannot make the requisite showings for the following reasons.

First, before ineffective assistance of counsel can be used to establish cause for a procedural default, the assertion must first be presented to the state courts as an independent Sixth Amendment claim. See Lane v. Kelley, No. 5:16-cv-00355-DPM-JTR, 2017 WL 5473925 (E.D.Ark. 2017), report and recommendation adopted, No. 5:16-cv-00355-DPM, 2017 WL 6542748 (E.D.Ark. 2017). Lowery never presented ineffective assistance of counsel to the state courts of Arkansas as an independent Sixth Amendment claim, and she cannot use it now as cause for a default.[4]

---

[4] The undersigned notes that Lowery in no way benefits from Martinez v. Ryan, 566 U.S. 1 (2012), a case in which the United States Supreme Court held that ineffective assistance of post-conviction counsel may excuse the default of a substantial claim of ineffective assistance of counsel at trial. "Federal district courts in Arkansas have consistently held that a habeas petitioner ... must, at a minimum, initiate a 'state collateral review proceeding' by filing a Rule 37 petition with the state trial court before he can rely on Martinez to excuse his procedural default." See Lane v. Kelley, 2017 WL 5473925 at 4 (citations omitted), Here, Lowery never sought post-conviction relief or otherwise mounted a collateral attack upon her conviction, and Martinez will not excuse the default of her ineffective assistance of trial counsel claims.

Second, assuming Lowery could now use ineffective assistance of counsel to establish cause for her procedural default, the assertion is of no benefit. She cannot satisfy the two-part test for ineffective assistance of counsel claims required by Strickland v. Washington, 466 U.S. 668 (1984).[5] The undersigned so finds for the following reasons offered by Payne:

> ... the factual bases underlying Lowery's claims were known or knowable to her. She knew before her guilty plea what her counsel had advised her as to bail, discovery, and the way to obtain a terms of years sentence for a lesser offense of first-degree murder. And, in July of 2015, Arkansas's Criminal Code had long expressly recognized lesser-included offenses. ... Moreover, the law advised Lowery that jury instructions on lesser-included offenses would not be warranted at trial, unless there was a "rational basis for a verdict acquitting the defendant of the offense charged and convicting ... her of the included offense." ... Lowery's petition does not allege any fact or cite any legal authority that demonstrates she would have been entitled to a lesser-included instruction pursuant to state law had she proceeded to trial, and she would be hard pressed to do so on the facts of this case. The representations she alleges her counsel made, moreover, were entirely correct as to the unavailability of a term-of-years sentence for capital murder and the availability of one for first-degree murder, so he cannot be faulted for not advising her of such a "remote" possibility, ..., or of every possible instruction that might have been sought at her trial. ...

See Docket Entry 7 at CM/ECF 18-19.

---

[5] Strickland requires the petitioner to show that counsel made errors so serious counsel was not functioning as the counsel guaranteed by the Sixth Amendment and that counsel's deficient performance prejudiced the defense.

Third, Lowery cannot show that the failure to consider her claims will result in a fundamental miscarriage of justice.[6] Specifically, she has not offered new evidence that "affirmatively demonstrates" she is innocent of the offenses for which she was convicted. See Abdi v. Hatch, 450 F.3d 334, 338 (2006).

It is for these reasons that Lowery's petition is time-barred and, alternatively, her claims are procedurally barred from federal court review. It is therefore recommended that her petition be dismissed. All requested relief should be denied, and judgment should be entered for Payne. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. Lowery cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 19th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] The petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Schlup v. Delo, 513 U.S. 298 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." See Id. at 327.